IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                              Case No. 3:17-cv-160-MCR-GRJ

FEDERAL BUREAU OF
INVESTIGATIONS, et al.,

    Defendants.
_____/

## **ORDER & REPORT AND RECOMMENDATION**

Pending before this Court is ECF No. 6, Plaintiff's motion for a two-day extension of time to file her amended complaint, and ECF No. 7, Plaintiff's amended complaint.

On May 1, 2017, Plaintiff filed her motion for extension of time seeking a two-day extension of time to file her amended complaint. (ECF No. 7.)[1] Although the Court is inclined to deny the motion because Plaintiff fails to even suggest why the extension of time is necessary and because Plaintiff did not sign or date the motion, in light of Plaintiff's *pro se* status and the short extension, the Court concludes the motion for extension of time is due to be granted. Thus, Plaintiff's amended complaint, filed May 2,

---

[1] Plaintiff's amended complaint was due by May 1, 2017. (ECF No. 5.)

2017, is deemed timely filed. For the reasons discussed below, however, the Court respectfully recommends that the amended complaint be dismissed for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION

Plaintiff initiated this action on March 8, 2017, under 42 U.S.C. § 1983, bringing claims against four Defendants: (1) the Federal Bureau of Investigation ("FBI"); (2) FBI Agent Scott McMillian ("Agent McMillian"); (3) FBI Agent Greg Kinnard ("Agent Kinnard"); and (4) FBI Agent Alex Nogearos ("Agent Nogearos). (ECF No. 1.) Plaintiff was granted leave to proceed as a pauper. (ECF No. 5.) Pursuant to the Court's screening obligation, the Court determined that Plaintiff failed to state a claim against any of the four named Defendants. (ECF No. 3.) Plaintiff was directed to file an amended complaint demonstrating a viable basis for federal jurisdiction. (ECF No. 3.) The Court also took judicial notice of a recent report and recommendation issued by a magistrate judge in another case Plaintiff filed in this District. (*Id.* (citing *Brewer v. Rodgers*, No. 3:17-cv-106-LC-MD, ECF No. 5 (N.D. Fla. Mar. 3, 2017)).) There, the magistrate judge wrote:

> [P]laintiff has an extensive history of filing meritless lawsuits in federal court. Since March 9, 2015, plaintiff has filed 26 complaints. With the exception of the instant action, all the

> complaints have been dismissed before service, including 23 in the Northern District of Florida. . . . . Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants. This particular plaintiff—perhaps for reasons beyond her control—seems to view the federal courts as some sort of complaint box or depository for all of life's grievances, rather than a forum for resolution of real disputes.

(*Id.* (citing No. 3:17-cv-106-LC-MD).) This Court echoed this sentiment and directed Plaintiff to file an amended complaint that states a plausible claim for relief. (*Id.*)

Plaintiff then filed the instant amended complaint ("Complaint"), in which she brings claims against the same four Defendants, and adds two Defendants: (1) FBI Director James Comey ("Director Comey"); and (2) FBI Agent Sue Dufon ("Agent Dufon"). (ECF No. 7.) Her Complaint consists of nine pages of rambling narrative regarding previous alleged wrongs, prior cases she has filed, and functions of the FBI. To the extent the Court is capable of deciphering Plaintiff's Complaint, her factual allegations are as follows:

- One morning at 5:30 a.m., she was "violently beaten in public," without arrest. (*Id.* at 6.)
- One Monday or Friday afternoon at the FBI Office, Agent Kinnard stated, "Have a good day, don't come back." (*Id.*)
- On September 12, 2016, she left complaints regarding sexual battery

- and sabotage with Agent Kinnard. Agent Kinnard told Plaintiff she may need to seek psychiatric counseling. (*Id.*)
- On October 13, 2016, she went to the FBI office to report harassment. She was referred to Agent Dufon, who told Plaintiff sexual assault is not a color of law issue. (*Id.* at 7.)
- By November 8, 2016, Plaintiff had reported email letters denying her evidence by the County administration. (*Id.* at 8.)
- By November 8, 2016, she sent an email to United States Attorney Canova requesting all videos on sexual misconduct. (*Id.* at 9.)
- On November 17, 2016, Plaintiff filed a complaint at the FBI office reporting that she asked to turn down the noise at the law library, her request was denied, she was falsely seized at the computer by a deputy, forced to leave, and forced to walk 2–4 miles to finish her computer work. (*Id.* at 9–10.)
- On December 6, 2012, Plaintiff wrote a letter to Governor Rick Scott asking him to impeach Sheriff David Morgan for hate crimes pertaining to the word "Jew" on the top of an official record to the public. (*Id.* at 10.)
- She previously filed a complaint at the FBI office complaining of degradation pertaining to an FBI employee refusing to make copies

after noticing "Jew" on a report. He would not wait for her to hand copy the complaint and told her she had to leave. (*Id.* at 10–11.) Plaintiff claims these actions have violated her rights under the First through Tenth Amendments, for which she seeks damages. (*Id.* at 13.)

## II.  DISCUSSION

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right

to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).

The Court has screened Plaintiff's amended complaint and finds that the factual allegations fail to state a claim for relief. To the extent Plaintiff conclusorily alleges her rights were violated under the First through Tenth Amendments, Plaintiff is not entitled to make conclusory reference to list of various constitutional amendments—or the entire Bill of Rights—in the

hopes that one sticks. None of her allegations plausibly suggest that any of the Defendants violated her constitutional rights. *See* U.S. Const. amend. I–X.

To the extent Plaintiff makes references to a false seizure, presumably under the Fourth Amendment, her allegations fail to state a claim for relief. *See* U.S. Const. amend. IV; *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156–57 (1978) (a § 1983 claim requires a showing that the conduct complained of was committed by a person acting under color of state law and deprived the person of rights, privileges, or immunities secured by the Constitution or laws of the United States); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Merely telling someone they need to leave a library does not give rise to a Fourth Amendment false arrest claim. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004) ("A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim.").

Moreover, Plaintiff offers few, if any, allegations against any of the named Defendants. Plaintiff cannot plausibly state a claim for relief against Defendants absent allegations that link them to the claims. To the extent

she claims Agent Kinnard told her to have a good day, not to return, and that she may need psychiatric counseling, these allegations, even if true, fail to suggest Agent Kinnard violated any of Plaintiff's rights. Plaintiff's claims are entirely frivolous.

As Plaintiff has been informed, the federal courts are not depository boxes for all of life's grievances. A review of PACER reveals that Plaintiff has filed 25 actions in the Northern District of Florida since March 10, 2015, including the instant case. All 24 previous cases were dismissed prior to service. *See Brewer v. Yost*, No. 3:15-cv-89-MCR-CJK (N.D. Fla. Mar. 10, 2015) (dismissed without prejudice for failure to state a claim); *Brewer v. Meadows*, No. 3:15-cv-95-RV-EMT (N.D. Fla. Mar. 11, 2015) (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. Morgan*, No. 3:15-cv-132-RV-EMT (N.D. Fla. Mar. 26, 2015) (dismissed without prejudice as frivolous and for failure to state a claim); *Brewer v. Nelson*, No. 3:15-cv-145-MCR-EMT (N.D. Fla. Mar. 31, 2015) (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. Bodenhausen*, No. 3:15-cv-154-RV-EMT (N.D. Fla. Apr. 3, 2015) (dismissed with prejudice for failure to state a claim); *Brewer v. Willis*, No. 3:15-cv-183-RV-EMT (N.D. Fla. Apr. 22, 2015) (dismissed

without prejudice for failure to comply with an order of the court); *Brewer v. Pensacola Police Dep't*, No. 3:15-cv-469-MCR-CJK (N.D. Fla. Oct. 26, 2015) (dismissed without prejudice for failure to state a claim upon which relief can be granted); *Brewer v. City of Pensacola*, No. 3:15-cv-484-MCR-EMT (N.D. Fla. Oct. 28, 2015) (dismissed with prejudice for failure to state a claim); *Brewer v. City of Gulf Breeze*, No. 3:15-cv-489-MCR-EMT (N.D. Fla. Oct. 30, 2015) (federal claims dismissed with prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. U.S. Marshals Courthouse Security*, No. 3:15-cv-497-MCR-EMT (N.D. Fla. Nov. 2, 2015) (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction, and state law claims dismissed without prejudice); *Brewer v. Area Housing Comm'n*, No. 3:15-cv-500-MCR-EMT (N.D. Fla. Nov. 5, 2015) (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. U.S. Attorney's Security*, No. 3:15-cv-563-MRC-CJK (N.D. Fla. Dec. 17, 2015) (dismissed for failure to state a claim); *Brewer v. Pensacola Police Dep't*, No. 3:15-cv-567-MCR-EMT (N.D. Fla. Dec. 18, 2015) (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, No. 3:15-cv-573-RV-EMT (N.D. Fla. Dec. 23, 2015) (federal claims dismissed with

prejudice and state law claims dismissed without prejudice); *Brewer v. Pensacola Police Dep't*, No. 3:16-cv-30-MCR-EMT (N.D. Fla. Jan. 25, 2016) (dismissed without prejudice as abusive of the judicial process); *Brewer v. State of Oklahoma*, No. 3:16-cv-48-MCR-EMT (N.D. Fla. Feb. 8, 2016) (dismissed without prejudice as abusive of the judicial process); *Brewer v. Escambia Cty. Courts*, No. 3:16-cv-72-MCR-EMT (N.D. Fla. Feb. 22, 2016) (dismissed without prejudice for failure to state a claim); *Brewer v. Gonzalez*, No. 3:16-cv-91-MCR-CJK (N.D. Fla. Mar. 3, 2016) (case dismissed for lack of jurisdiction and for failure to state a claim); *Brewer v. Workforce Fla.*, No. 3:16-cv-447-MCR-CJK (N.D. Fla. Sept. 7, 2016) (dismissed without prejudice for failure to state a claim); *Brewer v. Morgan*, No. 3:16-cv-457-MCR-GRJ (N.D. Fla. Sept. 9, 2017 (dismissed without prejudice for failure to comply with Court orders and for failure to state a claim); *Brewer v. Fed. Bureau of Investigations*, No. 3:16-cv-460-MCR-CJK (N.D. Fla. Sept. 13, 2016) (dismissed without prejudice for failure to state a claim)*; Brewer v. Cohen*, No. 3:16-cv-652-RV-GRJ (N.D. Fla. Dec. 7, 2016) (dismissed with prejudice as frivolous); *Brewer v. U.S. Dep't of Educ.*, No. 3:16-cv-651-MCR-CJK (N.D. Fla. Dec. 7, 2016) (dismissed without prejudice for failure to state a claim); *Brewer v. Rogers*, No. 3:17-cv-106-LC-MD (N.D. Fla. Feb. 10, 2017) (dismissed without prejudice).

Plaintiff has also filed two other complaints in the Northern District of Oklahoma, which were also dismissed prior to service. *See Brewer v. Weaver*, No. 4:15-cv-139-CVE-TLW (N.D. Okla. Apr. 10, 2015) (dismissed for failure to allege a colorable federal claim and state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, No. 4:15-cv-140-GKF-PJC (N.D. Okla. Mar. 27, 2015) (dismissed for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief).

Plaintiff is advised that if she continues to file frivolous actions in the future, she shall be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. In addition, Plaintiff may be deemed an abusive filer, Plaintiff's in forma pauperis status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee.

## IV. CONCLUSION

Upon due consideration, it is **ORDERED** that:

> Plaintiff's motion for extension of time, ECF No. 6, is **GRANTED**; and

In light of the foregoing, it is respectfully **RECOMMENDED** that:

> Plaintiff's amended complaint, ECF No. 7, should be

**DISMISSED** and this case should be closed.

**IN CHAMBERS** this 5th day of May, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**